**STEPP, Appellant,**

v.

**STEPP et al., Appellees.**

[Cite as *Stepp v. Stepp* (1999), 133 Ohio App.3d 749.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–1229.

Decided June 24, 1999.

*Michael Garth Moore,* for appellant.

*Aaron Cody Stepp, pro se.*

PETREE, Judge.

Plaintiff-appellant, Robyn Yvonne Stepp, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, denying her applica-

tion for an order presuming her minor child dead. Plaintiff asserts two assignments of error, as follows:

"[1] The probate court erred in construing the statute to require direct evidence of the child's exposure to a specific peril of death in order for a finding to be made pursuant to R.C. 2121.01.

"[2] The probate court erred in ruling that the evidence was insufficient to establish the presumption of death."

In the first assignment of error, plaintiff asserts that the probate court erroneously construed R.C. 2121.01(A)(2) to require direct evidence of a specific peril of death in order to establish a presumption of death. In the second of assignment of error, plaintiff contends that there was sufficient evidence to establish a presumption of death and that the probate court erred when it concluded the evidence was to the contrary.

On March 11, 1997, Aaron Cody Stepp, three years old, was playing in the backyard of 220 Hosack Street, the lot adjacent to 214 Hosack Street, where he lived with his grandmother, Janice Stiles, and his aunt, Mickey Stepp. Mickey was appointed Cody's guardian while plaintiff was incarcerated. While Cody was playing in the backyard alone, his aunt walked to the corner store to buy a bag of potato chips. Janice was in the house at 220 Hosack for part of the time, but then returned to her residence at 214 Hosack Street. According to Janice and Mickey, Cody disappeared from the backyard of 220 Hosack sometime between the time Mickey left to walk to the store and her return home. The missing person's report filed by Cody's grandmother and aunt stated that Cody was wearing only a lightweight nylon warm-up outfit that evening, even though the outside temperature had dropped to approximately 28 degrees Fahrenheit.

Although Janice and Mickey claim that Cody disappeared on March 11, 1997, there was evidence proffered during the hearing on plaintiff's application for a presumption of death that Cody disappeared long before March 11, 1997. Multiple witnesses testified that, prior to March 11, there were no indications, such as toys or clothes, that a little boy was living with either Janice or Mickey. Furthermore, upon investigation, a nurse who gave vaccinations to a boy the same age as Cody in February 1997, identified Kelly Robert Hunt as the child used to impersonate Cody by Mickey Stepp.

■ Under normal circumstances, an individual must be missing for a period of five years in order to raise a presumption of death. However, R.C. 2121.01(A)(2) makes an exception to the five-year requirement and permits a presumption of death when it is shown that the missing individual was exposed to a specific peril of death at the beginning of his or her absence.

In *Skele v. Mut. Benefit Life Ins. Co.* (1984), 20 Ohio App.3d 213, 20 OBR 259, 485 N.E.2d 770, the Miami County Court of Appeals, in affirming the judgment of the trial court, presumed that a hiker was dead when he failed to return from his expedition through Alaska's Katmai National Park. The only tangible evidence found in connection with the hiker's disappearance was the recovery of his backpack, which was found along the Ukak River. In rendering a presumption of death, the court relied in part upon the testimony given by the chief ranger for Katmai National Park. The ranger indicated several specific sources of danger in the park, including the weather, the wildlife, the topography and the possibility of a climbing accident. The park ranger additionally noted that the Ukak River was extremely swift and cold, and opined that if anyone fell into the river, the rapids were so swift that death would be certain. From this combination of direct and circumstantial evidence, the trial court held that it was reasonable to infer that the hiker had died as a result of being faced with a specific peril of death, which the court defined as an extraordinary or unusual danger.

In this case, plaintiff petitioned the court to enter a presumption of death based upon Cody's potential exposure to the cold weather on March 11, 1997, his extreme vulnerability as a lost three-year-old on the south side of Columbus, and the inference that he lived in an abusive home environment.

In her first assignment of error, plaintiff argues that the probate court mistakenly understood that a presumption of death could only be established by direct evidence. Having reviewed the transcript of the proceedings, however, we are unable to find that the trial court refused to consider circumstantial evidence. Rather, a review of the transcript reveals that the trial court limited the evidence, either direct or circumstantial, to that which might show that Cody was subjected to a specific peril of death on the evening of March 11, 1997, when he was reported missing. To parallel the *Skele* case, the backpack by the river would be analogous to an item of Cody's clothing found in the area, or testimony that a suspicious person had been observed talking to Cody immediately prior to his disappearance. No evidence of this type, either direct or circumstantial, was presented. Therefore, the court concluded that plaintiff had failed to demonstrate that Cody was faced with an extraordinary or unusual danger immediately prior to his disappearance.

In her second assignment of error, plaintiff maintains that the trial court's judgment was against the manifest weight of the evidence. As noted, the trial court was not satisfied that the evidence showed Cody was exposed to a specific peril of death at the beginning of his disappearance. Appellate courts typically defer to the decisions reached by the trier of fact, as the trier of fact is best equipped to determine the validity of testimony. See *Doolittle & Chamberlain v. McCullough* (1857), 7 Ohio St. 299. In this case, we see no need to deviate from

that proposition. Upon completion of a careful review of the record, we are unable to conclude that the trial court's determination that plaintiff had failed to demonstrate that Cody was exposed to a demonstrable extraordinary or unusual danger immediately prior to his disappearance was against the manifest weight of the evidence.

Therefore, for the foregoing reasons, plaintiff's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

BOWMAN and BROWN, JJ., concur.